IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAIME HERRERA-GONZALEZ : | |
| Plaintiff : | |
| v : | Civil Action No. WDQ-06-307 |
| LISA J.W. HOLLINGSWORTH, : | |
| IK R. CHO, and | |
| CHARLES P. MAGAL : | |
| Defendants : | |

oOo

## MEMORANDUM

Pending in the above-captioned civil rights action is a Motion to Dismiss filed on behalf of Defendants Hollingsworth and FCI-Cumberland. Paper No. 11. Plaintiff has filed a Response in Opposition to the motion. Paper No. 13. Defendants Cho and Magal have not yet been served with the Complaint.[1] Upon review of the papers filed, the Court finds a hearing in this matter to be unnecessary. Local Rule 105.6 (D. Md 2004). For the reasons set forth below, Defendants' Motion to Dismiss shall be granted.

Background

Plaintiff alleges that he fell and injured his wrist while working in the prison dining hall. Paper No. 1 at p. 3. He alleges that his job included preparation and upkeep of the hot bar which is a stainless steel island containing four tubs that are filled with hot water. *Id.* To perform his job duties, Plaintiff retrieved a bucket of water to fill the tubs. *Id.* at p. 4. While bending over to fill the tubs with water, Plaintiff slipped on the floor which was wet from being recently mopped.

---

[1] Summons for Defendants Cho and Magal were issued on August 25, 2006. Paper No. 15. Summons as to Defendant Magal was returned unexecuted on September 7, 2006. Paper No. 18. No return of service has been received as to Defendant Cho.

*Id.* He claims there were no caution signs posted on the floor warning that it was wet and that the tiled floor is waxed and becomes very slippery when wet. *Id.* Plaintiff reached for a support column to break his fall, missed the column, and fell full force on his outstretched left hand. *Id.*

Plaintiff claims that when his supervisor became aware of his injury, his wrist was wrapped in ice and a towel and he was instructed to walk across the prison compound to the medical unit. *Id.* Upon his arrival he could not get anyone to come to the locked door, so he returned to the dining hall to wait until the medical unit was opened for the day. *Id.* at p. 5. He states the accident occurred at approximately 5:30 a.m. and the medical unit was not due to open until 9:30 a.m.. *Id.* When Plaintiff returned to the medical unit his hand and wrist were x-rayed, a splint was applied to his wrist, and he was provided with a prescription for Ibuprofen. *Id.* In addition, Plaintiff was given a medical authorization to be excused from work for eight days. *Id.* The remaining claims concern Plaintiff's allegations that medical staff failed to provide him with proper care for his wrist injury. *Id.* at pp. 5–8.

Defendants assert that Plaintiff's claim, filed pursuant to the Federal Tort Claims Act (FTCA), is barred because it is a work-related injury covered by the Inmate Accident Compensation Act (IACA). Paper No. 11. They claim that Plaintiff was made aware of the compensation system available under the IACA during prisoner orientation procedures. *See Id.* at Ex. 2. In addition, Plaintiff's administrative claim, filed for purposes of pursuing a FTCA claim, was denied based on the fact that his injury was work-related. *Id.* at Ex. 1.

Standard of Review

A court reviewing a complaint in light of a motion to dismiss accepts all well-pled

2

allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Where, as here, the motion challenges the factual basis for subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1), the burden of proving subject matter jurisdiction is on Plaintiff. *See Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F. 2d 765, 768 (1991). The motion to dismiss must be granted as a matter of law if there is no genuine dispute regarding material jurisdictional facts. *Id.*, *citing Trentacosta v. Frontier Pacific Aircraft Industries*, 813 F. 2d 1553, 1558 (9th Cir. 1987).

Analysis

Plaintiff's claim is one for negligence governed by the Federal Tort Claims Act (FTCA). Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b)

3

(1994). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U. S. 30, 34 (1992). Immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d).

In the instant case, however, Plaintiff is claiming entitlement to damages for an injury which occurred while he was working at his prison job. Under the IACA, federal prisoners who are injured in connection with work in federal prison industries or in operating or maintaining prisons may be compensated through the Prison Industries Fund. *See* 18 U.S.C. § 4126. The Act further provides that:

> The corporation, in accordance with the laws generally applicable to the expenditures of the several departments, agencies, and establishments of the Government, is authorized to employ the fund, and any earnings that may accrue to the corporation . . . in paying, under rules and regulations promulgated by the Attorney General, compensation to inmates employed in any industry, or performing outstanding services in institutional operations, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.

18 U.S.C. §4126(c)(4).

The applicable regulations in this case specify that "no compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release." 28 C.F.R. §301.301(a). In addition, it provides that:

> Compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury. This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment. However, injuries suffered during the performance of voluntary work

4

in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

28 C.F.R. §301.301(b).

The compensation provided under the IACA is an exclusive remedy and injured prisoners covered by the Act are not permitted to also pursue a tort claim under the FTCA. *See United States v. Demko*, 385 U.S. 149, 152 (1966). "[W]here there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group." *Id.* at 153. It is clear from the allegations in the complaint that the claim concerns a work-related injury covered by the IACA, barring any claims raised under the FTCA. Plaintiff's claims concerning the alleged denial of proper medical care also are covered by the IACA and may not be brought pursuant to the FTCA.

## Conclusion

Having concluded that there exists no genuine dispute of material jurisdictional fact in this case, the Motion to Dismiss must be granted. Evidence in the instant case establishes that Plaintiff was informed of the exclusive nature of the IACA prior to the filing of this Complaint. Accordingly the Motion to Dismiss, though based on Fed. R. Civ. Proc. 12(b)(1), is in this case a dismissal that fits the criteria set forth in 28 U.S.C. § 1915(g). Under the statute, a prisoner litigant will not be granted in forma pauperis status if he has "on three or more prior occasion, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." To the extent that Plaintiff was made aware that his claim could not be filed

under the FTCA, but he pursued the claim anyway, the complaint is frivolous. The instant case will be the first case filed by Plaintiff in this Court that has been dismissed for failure to state a claim. A separate Order follows.

_11/22/6_
Date

_/s/_
William D. Quarles, Jr.
United States District Judge